UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REINA MARIE MEZA,<br><br>    Petitioner,<br><br>    v.<br><br>MICHELLE BONWELL, Chief Probation Officer,<br><br>    Respondent. | No. 1:19-cv-00919-DAD-SKO (HC)<br><br>FINDINGS AND RECOMMENDATION TO DENY RESPONDENT'S MOTION TO DISMISS<br><br>[Doc. 17] |

Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed the instant petition on June 27, 2019, challenging her 2018 conviction in Tulare County Superior Court of falsely reporting a crime to law enforcement. (Doc. 1.)

On September 27, 2019, Respondent filed a motion to dismiss the petition for lack of jurisdiction. (Doc. 17.) Petitioner filed an opposition to the motion on October 10, 2019. (Doc. 19.) On October 16, 2019, Respondent filed a reply to the opposition. (Doc. 20.) For reasons that follow, the Court will recommend that Respondent's motion be DENIED.

**DISCUSSION**

**I.    Procedural Grounds for Motion to Dismiss**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

1

petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a lack of custody. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default, and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

**II.     Custody**

Pursuant to 28 U.S.C. § 2254(a), the Court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that [she] is *in custody* in violation of the Constitution or laws or treaties of the United States." (Emphasis added.) Thus, unless Petitioner is "in custody," the Court is without jurisdiction to entertain the petition. See Williamson v. Gregoire, 151 F.3d 1180, 1182 (9th Cir. 1998). However, the scope of the writ of habeas corpus has been extended beyond that which the most literal reading of the statute might require to include individuals who, while not subject to immediate physical imprisonment, suffer substantial restraints not shared by the public generally. Lehman v. Lycoming County Children's Services Agency, 458 U.S. 502, 510 (1982).

In this case, Petitioner served her term of thirty days in jail prior to filing her federal petition.  She also completed the three required counseling meetings prior to the federal filing.  However, the parties do not dispute that she is still on probation.  Regardless of whether Petitioner has completed certain conditions of probation, it is settled law in the Ninth Circuit that the custody requirement is satisfied by the mere fact that she remains on probation.  See Fowler v. Sacramento County Sheriff's Dept., 421 F.3d 1027, 1033 n. 5 (9th Cir. 2005) ("a petitioner is 'in custody' for the purposes of habeas jurisdiction while [she] remains on probation").  Thus, Petitioner is correct that the Court has habeas jurisdiction, and Respondent's motion should be denied.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss be DENIED, and Respondent be DIRECTED to file an answer to the petition.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to objections, if any, are due within ten (10) days after the date objections are filed.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 21, 2019**                         /s/ *Sheila K. Oberto*
                                                                            UNITED STATES MAGISTRATE JUDGE