UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REINA MARIE MEZA,<br><br>Petitioner,<br><br>v.<br><br>MICHELLE BONWELL,<br><br>Respondent. | No. 1:19-cv-00919-DAD-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING DEFENDANT'S MOTION TO DISMISS<br><br>(Doc. No. 21) |

Petitioner Reina Marie Meza, a former state prisoner who is currently on probation, proceeds *pro se* in this action with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to the magistrate judge pursuant to 28 U.S.C. § 636(b)(1).[1]

---

[1] In his letter replying to respondent's objections, petitioner erroneously states that the pending findings and recommendations need not be considered by the undersigned because both parties consented to magistrate judge jurisdiction over this action. (Doc. No. 23.) Respondent appears to have consented to magistrate judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (Doc. No. 16.) However, petitioner declined to consent to magistrate judge jurisdiction in a document she dated July 16, 2019 and filed with the court on July 19, 2019 (Doc. No. 7), consented to such jurisdiction in a form she dated June 27, 2019 but did not file with the court until July 19, 2019 (Doc. No. 15), and ultimately declined once again to consent to such jurisdiction in a form she dated July 16, 2019 and filed with the court on July 24, 2019 (Doc. No. 10). Under these circumstances petitioner has not clearly stated her desire to consent to magistrate judge jurisdiction. Should petitioner wish to consent to magistrate judge jurisdiction, she is free to do so by filing a consent form and fully explaining her inconsistent filings in this regard.

1

On October 22, 2019, the assigned magistrate judge issued findings and recommendations, recommending that respondent's motion to dismiss be denied. (Doc. No. 21.) Specifically, the magistrate judge found that respondent's contention—that the instant petition should be dismissed because petitioner was not "in custody" at the time she filed the petition— was without merit and in contravention to established Ninth Circuit law. (*Id.* at 2 –3.) The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within thirty (30) days from the date of service and any replies to objections were to be filed within ten (10) days after any objections were filed. (*Id.* at 3.) On November 21, 2019, respondent filed objections and, on December 5, 2019, petitioner filed a letter in reply. (Doc. Nos. 22, 23.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the court has conducted a *de novo* review of the case, including respondent's objections to the findings and recommendations and petitioner's reply thereto. Having carefully reviewed the entire file, the court holds the findings and recommendation to be supported by the record and proper analysis.

In her objections, respondent argues that petitioner's probationary status does not satisfy the "in custody" requirement to confer habeas jurisdiction upon this court. (Doc. No. 22 at 2.) Respondent states that petitioner has satisfied all conditions of probation, except for the requirement that she obey all laws. (*Id.* at 4.) That requirement, respondent argues, is one shared by all individuals and does not constitute a sufficient restraint on petitioner's liberty to satisfy the custody requirement for habeas jurisdiction. (*Id.* at 2.) Respondent's argument is not persuasive. First, respondent offers no authority in support of her position, much less any binding authority. Second, as correctly noted by the magistrate judge, in the Ninth Circuit, probationary status alone satisfies the custody requirement. *Fowler v. Sacramento County Sheriff's Dept.*, 421 F.3d 1027, 1033 n. 5 (9th Cir. 2005) (noting that, with respect to satisfying the "in custody" requirement, "[a] probationary term is sufficient custody to confer [this] jurisdiction") (internal quotation marks and citation omitted); *see also Chaker v. Crogan*, 428 F.3d 1215, 1219 (9th Cir. 2005) (same); *Robertson v. Pichon*, 849 F.3d 1173, 1177 n.1 (9th Cir. 2017) ("We have jurisdiction over Robertson's appeal because he filed his petition while he was on probation. Probationary status

qualifies as being "in custody" for jurisdictional purposes").[2] This court is bound by Ninth Circuit precedent. *See Day v. Apoliona*, 496 F.3d 1027, 1031 (9th Cir. 2007) (Until the Supreme Court "change[s] the law . . . [the Ninth Circuit] (and the district court) are bound by [the Ninth Circuit's] earlier precedent."); *Zuniga v. United Can Co.*, 812 F.2d 443, 450 (9th Cir. 1987) (district courts are bound to follow the precedents of their own circuit).

Accordingly,

1. The October 22, 2019 findings and recommendations (Doc. No. 21) are adopted in full;
2. Respondent's motion to dismiss (Doc. No. 17) is denied;
3. Respondent is directed to file an answer to the petition within thirty (30) days from the date of service of this order; and
4. This matter is referred back to the magistrate judge for further proceedings consistent with 28 U.S.C. § 636(b)(1).

IT IS SO ORDERED.

Dated: **January 22, 2020**

UNITED STATES DISTRICT JUDGE

---

[2] Respondent's attempt to redefine the holding in *Fowler* is both unpersuasive and belied by the Ninth Circuit's decisions in *Chaker* and *Robertson*.

3