UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REINA MARIE MEZA,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>MICHELLE BONWELL,<br><br>　　　　　Respondent. | No. 1:19-cv-00919-DAD-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. No. 34) |

　　　　Petitioner Reina Marie Meza is a state parolee proceeding *pro se* and *in forma pauperis* with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On July 7, 2020, the assigned magistrate judge issued findings and recommendations recommending that the pending petition for federal habeas relief (Doc. No. 1) be denied on the merits. (Doc. No. 34.) Specifically, the magistrate judge found that petitioner's contention that there was insufficient evidence to support her conviction in state court for making a false police report was not supported by the record. (*Id.* at 9.) On July 20, 2020, petitioner filed objections to the pending findings and recommendations.[1] (Doc. No. 35.)

---

[1] Petitioner also filed objections on July 22, 2020. (*See* Doc. No. 36.) The second set of objections appear to be an exact copy of the first. (*Compare* Doc. No. 36, *with* Doc. No. 35.)

1

1       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this
2  court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file,
3  including petitioner's objections, the court finds the findings and recommendations to be
4  supported by the record and proper analysis.
5       In her objections, petitioner continues to argue that there was insufficient evidence to
6  support her conviction.  (*See generally* Doc. No. 35.)  She does not, however, meaningfully
7  dispute the magistrate judge's conclusion that "[b]ased on the totality of the evidence, a rational
8  jurist could have disbelieved Petitioner's testimony, and accepted the testimony of law
9  enforcement that Petitioner was making false criminal reports [against her ex-husband] to obtain
10 custody of [her] child." (Doc. No. 34 at 9); *see also Lewis v. Jeffers*, 497 U.S. 764, 781 (1990)
11 ("[W]here a federal habeas corpus claimant alleges that his state conviction is unsupported by the
12 evidence, federal courts must determine whether . . ., after viewing the evidence in the light most
13 favorable to the prosecution, any rational trier of fact could have found the essential elements of
14 the crime beyond a reasonable doubt.") (internal quotation marks and citations omitted).
15      Having found that petitioner is not entitled to federal habeas relief, the court now turns to
16 whether a certificate of appealability should issue.  A prisoner seeking a writ of habeas corpus has
17 no absolute entitlement to appeal a district court's denial of her petition, as an appeal is only
18 allowed under certain circumstances.  28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-
19 336 (2003).  In addition, Rule 11 of the Rules Governing Section 2254 Cases requires that a
20 district court issue or deny a certificate of appealability when entering a final order adverse to a
21 petitioner.  *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th
22 Cir. 1997).  If, as here, a court denies a petition for a writ of habeas corpus, the court may only
23 issue a certificate of appealability when "the applicant has made a substantial showing of the
24 denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To make a substantial showing, the
25 petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree
26 that) the petition should have been resolved in a different manner or that the issues presented
27 were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473,
28 /////

484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).  Here, petitioner has not made such a showing.  Therefore, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on July 7, 2020 (Doc. No. 34) are adopted in full;
2. This petition for writ of habeas corpus (Doc. No. 1) is denied;
3. The court declines to issue a certificate of appealability; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **September 1, 2020**

UNITED STATES DISTRICT JUDGE